### In re James T. SOTER and Jill Y. Soter, Debtors.

### Appeal of CHITTENDEN TRUST CO.

### Civ. A. No. 83–94.

United States District Court, D. Vermont.

July 7, 1983.

---

Mark E. Wiener, Burlington, Vt., for Jill Y. Soter.

Richard A. Lang, Jr., of Hoff Wilson Powell & Lang, Burlington, Vt., for Chittenden Trust Co., the secured creditor.

Douglas J. Wolinsky, of Saxer, Anderson & Wolinsky, Burlington, Vt., trustee in bankruptcy.

## MEMORANDUM and ORDER

OAKES, Circuit Judge, Sitting by Designation.

This is an appeal to the District Court by a secured creditor and the Trustee from denial of objections to the Bankruptcy Court's exempting certain property in a voluntary joint petition for liquidation under Chapter 7 of the 1978 Bankruptcy Act.

Chittenden Trust Co. in 1977 and 1979 extended $98,000 in mortgage loans of $18,000, $50,000, and $30,000 to James and Jill Soter. These were secured by their $56,000 home and land in Essex, Vermont, which they had purchased in 1973 but on which as to the two loans of $50,000 and $30,000 (on July 5, 1979, and August 18, 1979, respectively) they waived their homestead exemption. The bank commenced foreclosure on April 21, 1982,[1] seeking a deficiency in accordance with the Vermont mortgage statutes. When the Soters filed a liquidation petition with the Bankruptcy Court on May 18, 1982, they listed as Schedule B–4 ex-

---

1. Foreclosure decree, Chittenden Superior Court, Nov. 24, 1982. Certificate of Non-Re- demption of mortgages, Dec. 2, 1982.

empt property: household furnishings, a 1976 car, garden tractor, mechanic's tools, and—at issue in this case—"Debtor Jill Y. Soter's interest in contract of sale [dated April 12, 1982] of Orchard Terrace property, Winooski, Vermont, under Vermont Homestead Exemption" in the amount of $25,000.

Chittenden Trust Co. objected to the claim of exempt property on June 15, 1982; the Trustee in Bankruptcy objected on June 23. The thirteen unsecured creditors, with claims of $10,212, are not objectors or appellants. The Bankruptcy Court, Charles J. Marro, Judge, 26 B.R. 838, overruled the objections and allowed Jill Soter a $25,000 homestead exemption in her Winooski property because the homestead on the first property was acquired before any of the notes to Chittenden, and the new homestead was ·not chargeable with the debt. He held as a matter of law that Vt.Stat.Ann. tit. 27, § 107 [2] fixes the time ("the date of the filing of the deed") for making certain claims subject to attachment and levy on a homestead, rather than the time for identifying the acquisition of a homestead; Vermont recognizes a homestead right in equitable as well as legal ownership, citing *Morgan v. Stearns,* 41 Vt. 398, 407 (1868). He noted that § 109 [3] makes a second homestead chargeable with only those causes of action for which the first was liable at the time the first homestead was acquired. Further, he found as fact that Jill Soter acquired the second property with $25,000 obtained from her relatives; the transcript of the hearing contains uncontradicted testimony that the money was given to her for that limited purpose and was never deposited in the Soter bank accounts, i.e., the second homestead was acquired with "other means not derived

from the property of [the debtor]." Vt. Stat.Ann. tit. 27, § 109. The waiver of homestead exemption in the 1979 notes related only to the real estate as security for mortgage indebtedness and not to any deficiency arising after default. Finally, the court rejected the Trustee's argument that the Winooski property transaction was an executory contract that the Trustee did not assume within sixty days, and therefore rejected by operation of law, 11 U.S.C. § 365(d)(1); Jill Soter's vendor had fully performed. The Trustee appealed January 24, 1983. Judge Marro granted Chittenden's motion for permission to file a late appeal, which was then filed March 15. Soter has moved to dismiss both appeals, the Trustee's for failure to prosecute, Chittenden's for untimeliness.

Additionally, the parties have asked the court to endorse by order their stipulation to file briefs later than as ordered by the District Court, viz., the Trustee March 25 and Chittenden May 15. On June 7, this court received Chittenden's brief and the stipulation. Chittenden has since provided a transcript of the August 1982 hearing and copy of the Soter Winooski property contract.

The Appeal of the Trustee in Bankruptcy should be, and it hereby is, dismissed for failure to comply with the Bankruptcy Rules. On January 24, 1983, Trustee Wolinsky timely filed his Notice of Appeal from Bankruptcy Judge Marro's memorandum and order of January 17. Under Rule 806, within ten days, he should have served the court and Soter with the contents of the record on appeal and a statement of issues, and immediately ordered the transcript if relevant, as it indeed is.[4] Six weeks later,

---

**2.** Vt.Stat.Ann. tit. 27, § 107 (1975) provides:
Such homestead shall be subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead, except as otherwise provided in this chapter. For that purpose, such time shall be the date of the filing of the deed of such homestead in the proper office for the record of deeds.

**3.** Vt.Stat.Ann. tit. 27, § 109 (1975) provides:
When a person acquires a new homestead, the prior homestead shall be liable for his or

her debts and may be conveyed by him or her like other real estate. Such new homestead shall not be liable for causes of action against him or her to which such prior homestead would not have been liable, if such new homestead is acquired with the consideration derived from the sale or other disposition of such prior homestead, or with other means not derived from the property of such person.

**4.** The Rules of Bankruptcy Procedure effective August 1, 1983, impose the same requirements. Bankr. Rule 8006.

the clerk sent the record on appeal sua sponte to the District Court for docketing on March 10, 1983, noting the absence of the required filings. Further, the Trustee ignored Judge Coffrin's scheduling order of March 16, 1983, reiterating the Rule 808 requirement for filing of Wolinsky's brief within fifteen days of the March 10 docketing.[5] The time limits may be altered by local rule or court order. To date, however, Wolinsky has not filed a brief, sought a continuance, or opposed Soter's motion to dismiss for failure to prosecute. His response to this court's request for information on the status of the case is not helpful. The motion to dismiss is granted.

■ The Bankruptcy Judge erred in not dismissing Chittenden's appeal. The United States District Court for the District of Vermont adopted the Interim Bankruptcy Rules of the Advisory Committee on Bankruptcy Rules of the Judicial Conference on October 9, 1979. Under Interim Bankruptcy Rule 8006, the judgment or order of the bankruptcy judge becomes final "[u]nless a notice of appeal is filed as prescribed by Rules 801 and 802." Rule 802 prescribes times for appeals. Entry of Bankruptcy Judge Marro's order was January 17, 1983. The Trustee timely filed a notice of appeal on January 24. Under Rule 802(a), Chittenden should have filed its notice within ten days of the Trustee's. However, Rule 802(c) does permit extensions of time for appeals upon application "for a period not to exceed 20 days." The Rule's language is somewhat ambiguous, but the Advisory Committee's Note states that "the maximum time allowable ... for filing an appeal is thirty days after the entry of the judgment or order appealed from ..." and that no request on grounds of excusable

neglect can be entertained beyond that time. The major treatise accepts that Note as controlling on congressional intent. 13 Collier on Bankruptcy ¶ 802.07[6] at 8–37 (14th ed. 1977). The Bankruptcy Rules effective August 1, 1983, retain the Rule 802 time limits and clarify the "such time" references, supporting Collier's thirty-day maximum for first party appeals. While new Rule 8002 does not clear up an ambiguity about second party appeals, under no construction of the Rule, including giving a second party thirty days from filing of the first appeal rather than from entry of the order, did Chittenden timely file its motion, let alone its notice of appeal. Because, as Judge Marro noted, Chittenden did not make a proper showing of "excusable neglect" (the motion alludes in one sentence to counsel's being "away" and the bank's being "involved in a shift of personnel"),[6] the request for extension of time to appeal had to be made within ten days of entry of judgment (per Collier) or of filing of the Trustee's appeal (per liberal construction), i.e., January 27 or February 3, but certainly not February 24.

■ Noncompliance with Rule 802 is a jurisdictional defect. *In re W.T. Grant Co.*, 425 F.Supp. 565, 567 (S.D.N.Y.1976).[7] Judge Marro held that permitting an untimely appeal was not within his equitable powers, but that he would nevertheless permit it because the Trustee's filing had tolled the finality of the Bankruptcy Judge's order and the debtor was on notice as to the fact and issues of appeal. And it is true that the public interest in finality is less where, as here, other creditors are not prejudiced by extending the bankruptcy proceeding. Further, the underlying issue is

---

**5.** The Rules effective August 1, 1983, impose the same requirement. Bankr. Rule 8009(a)(1).

**6.** Proper grounds might be failure to learn of entry of judgment, death or disability or a party or attorney, or failure of the mails. 13 Collier on Bankruptcy, ¶ 802.07 at 8–39 (14th ed. 1977) (citing cases). *See also Mizell v. Attorney General*, 586 F.2d 942, 944 n. 2 (2d Cir.1978), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979) (where clerk fails to notify party of entry of judgment and counsel has diligently

inquired as to status of case, district court may grant Fed.R.Civ.P. 60(b)(6) motion to vacate and re-enter judgment to allow a timely appeal) (dictum).

**7.** *See also* Advisory Committee Note to Rule 8002(c) ("If a timely notice of appeal is not filed, no appeal may be taken later. Former Bankruptcy Rule 803, which provided that a referee's judgment became final when the appeal period expired, has been omitted as unnecessary.").

one of first impression in Vermont, so it would be helpful to review it on the merits. But because the matter is jurisdictional this court has no choice but to order the appeal of Chittenden dismissed.

■ The parties' stipulation to file late briefs is not endorsed by the court. The public interest in timeliness and finality of bankruptcy proceedings underlies the rules' time requirements. The rules do not permit the parties by agreement to alter a court scheduling order. The federal district court sitting in bankruptcy is not a social club the rules of which may be altered at the parties' will.

■ Having stated the above, for purposes of possible review by the court of appeals, the court examines the merits. Bankruptcy Judge Marro correctly classified Jill Soter's $25,000 interest in the contract purchase of a Winooski property, occupied by her and her two children, as exempt property under Vermont's homestead statute.

Homesteads are exempt (up to $30,000) from attachment and execution, Vt.Stat. Ann. tit. 27, § 101 (1982 Supp.), but if "causes of action" exist "at the time of acquiring the homestead" (a bright line for purposes of the exception—"the date of filing of the deed . . ."), the homestead is liable for debts. *Id.* § 107 (1975). *See West River Bank v. Gale,* 42 Vt. 27, 31–32 (1868) (construing predecessor version of § 107). The exception is subject to an exception: if a *new* homestead "is acquired with . . . means not derived from the property of such person," the new homestead "shall not be liable for causes of action against him or her to which such prior homestead would not have been liable." Vt.Stat.Ann. tit. 27, § 109 (1975).

The Soters' first homestead in Essex, Vermont, was not liable to Chittenden Trust Co. at the time it was acquired (May 18, 1973) for the mortgage notes subsequently executed to Chittenden (August 17, 1977, July 5, 1979, and May 2, 1980). Under Vermont's statutory scheme, the new homestead would not be liable for these subsequent debts. Chittenden argues that such an analysis permits debtors to "shelter" as-

sets by the purchase of a second homestead. On the contrary, § 109 precludes such a scam by requiring that the new homestead be acquired either with proceeds of the first homestead (and Chittenden was certainly protected against that occurrence) *or* with "means *not* derived from the property of such person" (emphasis added). The analysis of the bankruptcy court is consistent with the legislative purpose in exempting homes from attachment. The analysis permits Vermonters who once have lived in an unencumbered homestead freedom to change their homestead without losing their statutory protection.

As Bankruptcy Judge Marro held, the fact that the Soters' mortgage notes were secured by two mortgage deeds (July 5 and August 18, 1979) in which they waived their homestead exemption as to the Essex property does not change this analysis. The waiver related only to that real estate, to the extent of its value ($56,000, subject to a Farmers Home Administration first mortgage initially for $21,000), as security for the indebtedness ($98,000). The property was overmortgaged and the creditor undersecured. Once Chittenden foreclosed, it exhausted its security in the property (and the homestead) and stood as an unsecured creditor, entitled to a personal judgment against the Soters for the deficiency. That deficiency, of course, is precisely the kind of debt that can be discharged in a bankruptcy proceeding. *See* 11 U.S.C. § 523 (exceptions to discharge). On the facts of this record, Chittenden has no statutory right to the new homestead as additional collateral.

■ Bankruptcy courts are to grant debtors a discharge under Chapter 7 liquidation unless enumerated facts exist, 11 U.S.C. § 727, including transfer or concealment of property "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property." *Id.* (a)(2). This proviso interrelates with the Vt.Stat.Ann. tit. 27, § 109 protection of new homesteads acquired with "means not derived from the property of such person." Jill Soter did not transfer "property of the debtor" within the year

before filing for liquidation, nor "property of the estate" after the date of filing. 11 U.S.C. § 727(a)(2)(A), (B). Rather, she applied cash received from relatives, cash that had not been nor otherwise would have been part of the bankrupts' property. The Winooski house is now property of the estate, *id.* § 541(a)(1), and fulfills the requirements of a homestead. Vt.Stat.Ann. tit. 27, § 101; *In re White,* 18 B.R. 95 (Bkrtcy.Vt. 1982). Under the facts of this case, Jill Soter abandoned the Essex homestead and acquired a new homestead in Winooski with "means not derived from [the debtors'] property." Vt.Stat.Ann. tit. 27, § 109. The liability of the Essex property to Chittenden Trust does not carry over to the new homestead. *Id.* §§ 107, 109. Thus if the court were required to reach the merits, the judgment would be affirmed.

Appeal of Chittenden Trust Co. dismissed as untimely; appeal of Trustee dismissed for failure to comply with the Bankruptcy Rules and to prosecute. Costs to appellee. The briefs when and if received may be filed by the clerk.