**In re Mauritz R. WILSON, d/b/a Wilson Auto Wholesalers and Marcia Harris, his wife, Debtors.**

No. CV 85–137–M.

Bankruptcy No. 283–00414.

United States District Court,
D. Montana,
Missoula Division.

Sept. 24, 1985.

Bernard J. Goldman, Goldman & Goldman, Missoula, Mont., for debtor.

Ronald Bender, Worden, Thane & Haines, Missoula, Mont., for secured creditor.

## OPINION AND ORDER

LOVELL, District Judge.

Debtors appeal from an order of the United States Bankruptcy Court for the District of Montana denying Debtors' claim of homestead exemption and ordering them to quitclaim their interest in the subject property to the Missoula Bank of Montana (the "Bank"). Debtors have filed a motion for stay of execution of the Bankruptcy Court's order pending this appeal. The Bank has filed objections to this motion, and also a motion to dismiss the appeal.

Following the order entered by the Bankruptcy Court, Debtors filed a timely notice of appeal to the United States Bankruptcy Appellate Panel of the Ninth Circuit, pursuant to Bankruptcy Rules 8001 and 8002. An objection to the appeal was filed by the Bank and therefore, as required by the Judicial Council Order Establishing the Bankruptcy Appellate Panels, the appeal was transferred to this Court.

■ Bankruptcy Rule 8005 provides that a motion for stay of the order of a bankruptcy court pending appeal must ordinarily be made in the bankruptcy court and, if such motion is made initially in the district court, that it must show why the relief was not obtained from the bankruptcy court. Failure to comply with this rule is not automatically fatal to the appeal under Rule 8001; however, case law indicates that stay of a final order is not to be lightly granted. In fact, the Ninth Circuit Bankruptcy Appellate Panel has held that an appellate panel (or a district court sitting as such), by generally staying enforcement of a bankruptcy court judgment pending appeal, departs from fundamental principles of appellate review and unnecessarily assumes responsibilities ordinarily reserved to the trial court, where the party requesting relief is not only unable to demonstrate any abuse of discretion by the trial judge, but also is unable even to show that issue of a stay pending appeal was presented to the trial judge. *Re Wymer*, 5 B.R. 802 (BAP 9th Cir.1980). The Panel further held that where the request is for a discretionary stay, it must first be made to the trial court, with that court's decision then being reviewable only for abuse of discretion. *Id.*

■ *Wymer* suggests that Debtors have proceeded improperly in requesting a stay from this Court without first seeking such an order from the Bankruptcy Court. Debtors have offered no explanation for this procedure as required by Rule 8005. This appeal seeks a discretionary ruling by the Court, and the Court will not assume duties which are ordinarily functions of the trial court.

■ Moreover, the record indicates that Debtors are not diligently prosecuting this appeal and that maintenance of the matter is not warranted. Bankruptcy Rule 8006 requires that within ten days after filing the notice of appeal, the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Debtors' appeal was filed with the Appellate Panel on June 18, 1985, over

three months ago. Debtors have failed altogether to comply with Rule 8006 by failing to file any statement of issues or designation of items for inclusion in the record.

Where the appellant fails to provide the court and other interested parties with the contents of the record on appeal and a statement of issues, and fails to file a brief, motion for continuance, or opposition to the motion to dismiss, the appeal should be dismissed. *Re Soter*, 31 B.R. 986 (D.Vt. 1983).

THEREFORE, IT IS HEREBY OR-DERED that Debtors' motion for stay of execution is DENIED and the motion to dismiss filed by the Missoula Bank of Montana is GRANTED.