**In re Charles Junior WEBSTER and wife, Juliette L. Webster, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff/Appellee,**

**v.**

**Charles Junior WEBSTER and wife, Juliette L. Webster, Defendants/Appellants.**

**Nos. C–85–157–G, C–85–158–G, B–84–00729–7 and A–84–0163.**

United States District Court, M.D. North Carolina, Greensboro Division.

March 29, 1985.

Joe O. Brewer of Brewer & Freeman, Wilkesboro, N.C., for plaintiff/appellee.

Walter M. Pitt, Jr. and Stephen M. Russell of Bell, Davis & Pitt, Winston-Salem, N.C., for defendants/appellants.

## MEMORANDUM ORDER

HIRAM H. WARD, Chief Judge.

These two appeals from two orders entered on November 21, 1984, by the Honorable James B. Wolfe, Jr., United States Bankruptcy Judge, come before the Court on plaintiff/appellee's Motion to Dismiss Appeals (February 7, 1985). Because the appellants have failed to comply with the Rules of Practice and Procedure in Bankruptcy and the Local Rules of this Court, both appeals will be dismissed.

Judge Wolfe entered two separate orders on November 21, 1984. One, entered in an adversary proceeding, lifted the 11 U.S.C. § 362(a) stay so that the appellee could obtain possession of certain collateral security. (Case No. C–85–157–G, Record on Appeal, Item 8). The other denied the appellant's motion to allow filing of exemptions. (Case No. C–85–158–G, Record on Appeal, Item 4). The appellants served separate notices of appeal from both orders on November 30, 1984.

Bankruptcy Rule 8006 requires that an appellant file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten (10) days after filing the notice of appeal. Ten days from the notices of appeal in these matters was December 10, 1984. The appellants did not comply with the time requirement of Rule 8006 and only

fully complied with its substance requirement on February 4, 1985.[1] These failures to comply are the basis of appellee's motion to dismiss. Appellants have not responded to this motion. Accordingly, under Local Rule 203(i) it may be treated as uncontested and granted without further notice.

Rule 8009 of the Bankruptcy Rules requires an appellant to file his brief within fifteen (15) days after docketing of the appeal, which in the instant cases was February 6, 1985. The Clerk of this Court reminded counsel for appellants of this requirement by letter on March 8, 1985, and notified him that the matters would be referred to the Court on March 25, 1985. No brief or other response has been filed by appellants.

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Bankr.R. 8001(a). If the appellants only failure to comply with applicable rules was the untimely filing of the designated records on appeal and statements of issues, the Court would not dismiss the appeals.[2] However, appellants have also ignored the appellate briefing rules, the local rule for responses to motions, and direct communication from the Clerk. It is apparent that appellants either have no interest in pursuing their appeal or have no respect for the governing rules. Under these circumstances, appellants have abused their right to appellate review to the point of forfeiting it. *Cf.* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3949 at 360 (under Fed.R.App.P. 3(a), appellate courts have power to enforce compliance with procedural requirements and burden of demonstrating grounds to waive requirement falls on party who has defied or ignored the requirement).

IT IS, THEREFORE, ORDERED that the appeals in cases nos. C–85–157–G and C–85–158–G be, and the same hereby are, DISMISSED.

---

1. Rule 8006 requires both a designated record and a statement of issues. On December 24, 1984, appellants filed a designated record in the "automatic stay" appeal, C–85–157–G, and an issue statement in the "exemption" appeal, C–85–158–G. The missing pleadings in both appeals were not filed until February 4, 1985.

2. If that was appellants' only shortcoming, other measures might be appropriate since their conduct at a minimum conduct imposed unnecessary delay on the appeal process.