The FIRST NATIONAL BANK OF MARYLAND, Plaintiff,

v.

Allan E. MARKOFF, Defendant.

No. 86 Civ. 5237 (RLC).

United States District Court,
S.D. New York.

Jan. 20, 1987.

Michael R. Gottlieb, Middletown, N.Y., for plaintiff.

Winick & Rich, P.C., (Jeffrey N. Rich, of counsel), New York City, for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

This is an appeal from the Bankruptcy Court, where the application of plaintiff First National Bank of Maryland (the "Bank") for an extension of time in which to file its complaint was denied. Defendant Allan E. Markoff now moves to dismiss pursuant to Rule 7041 of the Bankruptcy Rules and Rule 41(b), F.R.Civ.P., for the Bank's failure to file a timely brief in this court.

### BACKGROUND

On November 21, 1985, the defendant filed a petition for relief with the Bankruptcy Court pursuant to Chapter 7 of the Bankruptcy Code. In conformity with the applicable Bankruptcy Rules,[1] the Bank, as a creditor, was notified of the defendant's filing, and of the creditors' meeting mandated by 11 U.S.C. § 341(a). After several adjournments, a Section 341(a) meeting took place on February 7, 1986. The Bank did not attend. Because of the adjournments, the Trustee extended from February 28, 1986, to March 28, 1986, the deadline before which creditors were required to file complaints objecting to Markoff's discharge or determining the dischargeability of a debt. This was a stroke of good fortune for the Bank, because until the middle of March, according to counsel for the Bank, the case "had gotten lost in the administrative morass of the bank" and no action had been taken. (Tr.* 23).[2]

---

1. In accordance with Bankruptcy Rule 1007(a)(1), defendant filed a list containing the names and addresses of each creditor. On December 6, 1986, pursuant to Bankruptcy Rule 1007(c), defendant filed with the court a statement of its financial affairs. This also listed the Bank as a creditor. In addition, plaintiff was sent notice of the initial creditors' meeting held pursuant to Section 341(a).

* "Tr." refers to the transcript of the hearing held before United States Bankruptcy Judge Jeremiah E. Berk on April 11, 1986.

2. The Bank now alleges that at least some part of the delay is attributable to the fact that the address listed with the clerk of the Bankruptcy Court was that of a closed branch. Gottlieb Affidavit, ¶ 5. No mention is made of how

On March 24, 1986, four days before the deadline for filing a complaint, the Bank finally retained counsel in this matter. Four days later, the Bank appeared in court to ask for an extention of time in which to file its complaint. The papers supporting its motion arrived fifteen minutes before the hearing (Tr. 34), cited an inapplicable section of the Bankruptcy Code (Tr. at 7),[3] and did not include affidavits signed by a bank employee with personal knowledge of the delay. (Tr. 40, 41). The Bank's counsel himself acknowledged that his papers were "inartfully drawn" (Tr. 7), but said that the Bank needed time to investigate whether it had a viable claim. (Tr. 10, 21). At the close of the hearing, Judge Berk rejected the Bank's application for an extension, holding that it that had failed to demonstrate "cause" as required under Bankruptcy Rule 4007(c). (Tr. 62).

On July 2, 1986, the Bank's Notice of Appeal was docketed with this court. On August 5, Markoff moved to dismiss the appeal on the ground that the Bank had failed to file its brief within 15 days after entry of the appeal, as required by Bankruptcy Rule 8009. The Bank, which had not moved for a continuance despite the expiration of the 15–day period, argues that it could not file a brief until it received the transcript of the Bankruptcy Court proceedings, which did not arrive until August 4. Gottlieb Affidavit, ¶ 12.

DISCUSSION

■ Bankruptcy Rule 8009 provides that "[t]he appellant shall serve and file his brief within 15 days after entry of the appeal on the docket...." The rule is not jurisdictional, but instead is entrusted to the discretion of the district judge. *In re Beverly Manufacturing Corp.*, 778 F.2d 666, 667 (11th Cir.1985). As a result, courts only utilize the sanction of dismissal

where a party has exhibited a consistent pattern of dilatoriness throughout a proceeding. In that event, however, courts have not hesitated to resort to dismissal. *See In re Soter*, 31 B.R. 986, 989–90 (D.Vt. 1983) (Oakes, J., sitting by designation); *In re Ouevedo*, 35 B.R. 117, 119 n. 1 (D.P.R. 1983); *In re Webster*, 47 B.R. 1012, 1013 (M.D.N.C.1985); *In re Har-Dway House Statuary, Inc.*, 76 F.R.D. 204, 205 (E.D.Mo. 1977). As Judge Oakes has explained, "the public interest in timeliness and finality of bankruptcy proceedings underlies the rules' time requirements." *In re Soter, supra*, 31 B.R. at 990; *see also United States v. Raimondi*, 760 F.2d 460, 462 (2d Cir.1985) (explaining the need for strict compliance with rule of appellate procedure on which Rule 8009 is based).[4]

■ Since this litigation began, the Bank has consistently ignored the rules designed to ensure quick administration of the bankruptcy laws. For three and a half months after Markoff declared bankruptcy, the Bank did absolutely nothing, apparently having misplaced notices sent to it by the bankruptcy court. Indeed, as noted above, it was only by chance that the Bank overcame its original negligence: Had the Trustee not extended the date to file complaints until the 28th of March, the Bank would have been forever barred from asserting its claims, since it did not take any action until well after the original date for filing. (Tr. 51). As the Bank's counsel has admitted, "to some extent ... [my] client was totally negligent for the three and a half months until ... mid March." (Tr. 58). Even then, however, the Bank waited until four days before the filing deadline to retain counsel. Counsel admits this was "a mistake." (Tr. 58). As noted above, counsel filed its self-described "inartfully

---

much of the delay is attributable to this factor, which conflicts directly with counsel's argument at the April 11, 1986 hearing before Judge Berk. (Tr. 51). ("We are not alleging that the debtor failed to give us notice. Notice was given.").

**3.** The Bank cited Bankruptcy Rule 4004(b), rather than the pertinent 4007(c).

**4.** The Advisory Committee Note to Rule 8009 states that the rule is adapted from Rule 31, F.R.App.P. Judge Kaufman's opinion in *Raimondi* concerned compliance with Rule 31. 760 F.2d at 462 & n. 1.

drawn" papers requesting an extension fifteen minutes before the hearing.

With this background, one would think that the Bank would have been especially conscientious in its adherence to rules relating to the filing of papers in this court. Yet, at its first opportunity, the Bank has failed to comply. Its excuse—that it could not file a brief until it received a transcript of the Bankruptcy hearing—does not explain why it could not have sought an extention by informing the court of the need for the transcript before it could file its brief.[5] *See In re Soter, supra,* 31 B.R. at 989 (failure to request continuance supports dismissal under Rule 8009). In short, the Bank has been dilatory throughout this litigation. Its conduct cannot be condoned.

Defendant's motion is granted.

IT IS SO ORDERED.

5. The court has not inquired whether it would have been possible for the Bank to receive an   expedited copy of the transcript.