## In re BENHIL SHIRT SHOPS, INC., Debtor.

## BENHIL SHIRT SHOPS, INC., Appellant,

v.

## LYNNS INC., Joe Norban Industries, Inc. and Rudban Coats, Inc., Appellees.

No. 87 Civ. 6010 (MJL). Reorganization Case No. 86–B–10483 (BRL).
Adv. No. 87–5231A.

United States District Court, S.D. New York.

Oct. 8, 1987.

Ballon, Stoll & Itzler, New York City, for appellant.

Finley, Kumble, Wagner, Heine, Under-berg, Manley, Myerson & Casey, P.C., New York City, for appellees.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

Appellees Lynns Inc., Joe Norban Indus-tries, Inc. and Rudban Coats, Inc. (the "Ap-pellees") move this Court to dismiss the appeal of Benhil Shirt Shops, Inc. ("Ben-hil") from an Order of the Bankruptcy Court dated June 22, 1987. Appellees re-quest the dismissal because of Benhil's al-leged failure to timely prosecute its appeal. Benhil does not oppose the motion. For

the reasons stated below, we grant the motion.

*Proceedings in Bankruptcy Court*

In May 1986 Benhil filed its petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. In April 1987 Benhil commenced an adversary proceeding against Appellees in the Bankruptcy Court. On May 29, 1987 Appellees moved to dismiss the adversary proceeding for failure to state a claim upon which relief could be granted. On June 22, 1987 the Bankruptcy Court entered an order dismissing the adversary proceeding with prejudice. On or about June 30, 1987 Benhil filed a second adversary proceeding in Bankruptcy Court against Appellees containing essentially the same claims as the first complaint. Appellees have filed a motion to dismiss this second complaint. The motion is still pending.

*The District Court Appeal*

On July 1, 1987 Benhil timely filed its Notice of Appeal to District Court with the Bankruptcy Court. Benhil's next duty was to file its statement of issues for review on appeal and its designation of contents for inclusion on the record of appeal (the "Issues Statement"). Bankruptcy Rule 8006 requires the Issues Statement to be filed and served on the opposing party within ten days after filing the notice of appeal. Benhil met the first part of the requirement: it filed its Issues Statement with the Bankruptcy Court on July 10, 1987.[1] How-

ever, Benhil failed to serve Appellees with the Statement until July 27, 1987.[2]

After filing its Issues Statement Benhil's next duty was to file its brief "within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Bankruptcy Rule 8009. Rule 8007 provides in pertinent part:

(b) Duty of clerk to transmit record; copies of record; docketing of appeal.

When the record is complete for purposes of appeal, the clerk of the bankruptcy court shall transmit it forthwith to the clerk of the district court ... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

The District Court docketed Benhil's appeal on August 19, 1987. Therefore, Benhil's appeal brief was due on or before September 3, 1987.[3] Bankruptcy Rule 8009. As of October 8, 1987 no appeal brief had been filed with this court.

*The Motion to Dismiss the District Court Appeal*

■ Appellees filed their motion to dismiss Benhil's appeal on August 24, 1987. On that date Benhil's appeal was not yet late. However, the time for the brief's filing has now passed, and no brief had been filed by the date of this opinion.[4] Furthermore, Benhil has not responded to

1. Appellees claim that Benhil did not file its Issues Statement until July 14, 1987. That assertion is incorrect. Benhil filed its Issues Statement on July 10. It was not docketed by the Bankruptcy Court until July 14, but Benhil fulfilled its obligation on July 10 when it submitted the Statement.

2. Appellees claim they received the Issues Statement by mail on July 28, 1987. The envelope containing the Issues Statement was postmarked July 27, 1987. *See* Motion by Appellees for an Order Dismissing Appeal and Taxing Costs and Attorneys' Fees Against Appellant and Appellant's Counsel and Incorporated Memorandum of Law, Exhibit B. Either way service was over two weeks late.

3. Appellees assert that Benhil's brief was due by July 10, 1987, which date they contend is fifteen days after the notice of appeal was docketed.

Their statements confuse this Court. Benhil's notice of appeal was docketed in this Court on August 19, 1987. Fifteen days from August 19, 1987 is September 3, 1987. Appellees *may* be asserting that the brief was due fifteen days after the notice of appeal was docketed in *Bankruptcy* Court. However, Bankruptcy Rules 8009 and 8007 clearly provide that the appeal brief is due fifteen days after docketing in *District* Court. Further, even if Appellees were correct in their contention, fifteen days from July 1 is July 16, not July 10.

4. Appellees' attorney informed this court by telephone that it received an appeal brief from Benhil during the week of October 5, 1987. However, no brief has been filed with the District Court.

Appellees' motion to dismiss. Neither has it requested an extension of time.

Benhil's late service of its Issues Statement, its failure to file its appeal brief, its failure to request an extension of time, and its failure to respond to the present motion to dismiss give this court ample reason to dismiss its appeal. *See First National Bank of Maryland v. Markoff*, 70 Bkrtcy. 264, 265 (S.D.N.Y.1987); *In re Weisz*, 44 Bkrtcy. 285, 287 (E.D.N.Y.1984); *In re Quevedo*, 35 Bkrtcy. 117, 120–21 (D.Puerto Rico 1983); Bankruptcy Rule 8001(a). Further, Appellees may have been prejudiced by Benhil's failure to timely prosecute its appeal due to the pending second complaint filed by Benhil against Appellees in Bankruptcy Court.

*Awarding of Costs*

■ Appellees request that this Court tax Benhil and its counsel for all costs, including attorneys' fees, that Appellees incur in connection with the instant appeal. Bankruptcy Rule 8014 provides that "costs shall be taxed against the losing party on an appeal." Accordingly, costs for this appeal will be taxed against Benhil pursuant to the direction of Rule 8014. The rule does not include attorneys' fees as one of the costs to be taxed and Appellees have provided this Court with no other basis for such an award. Therefore, the award will not include attorneys' fees.

Benhil's appeal is dismissed and Benhil is taxed for the costs incurred by Appellees in connection with the appeal.

It Is So Ordered.