**Louis Jerome ADLER, Appellant,**

v.

**BANCPLUS MORTGAGE CORP., Appellee.**

**No. 88 Civ. 9191 (TPG).**

United States District Court,
S.D. New York.

Dec. 13, 1989.

Mayne Miller, New York City, for Adler.

Leslie Barr, Berkman, Henoch, Peterson, Peddy & Scarcella, Garden City, N.Y., for Bancplus.

## OPINION

GRIESA, District Judge.

This case is an appeal from an order of the bankruptcy court signed on September 29, 1988 dismissing appellant's chapter 13 bankruptcy case pursuant to 11 U.S.C. § 109(g)(1). Appellee moves to dismiss the appeal for failure to prosecute.

The motion is granted.

## FACTS

On February 24, 1983, appellant Louis Jerome Adler and his wife purchased a single family house at 13 Chestnut Street, Stony Point, New York. The Adlers took the property subject to a mortgage and mortgage bond. At the time of this transaction, the mortgage and bond belonged to The Richard Gill Company, which had retained appellee BancPlus Mortgage Corporation as its servicing agent.

In July 1984 BancPlus commenced an action against Adler in Supreme Court, Rockland County, seeking to foreclose the mortgage. After Adler failed to appear in the action, the court granted BancPlus a judgment of foreclosure and sale. A sale was scheduled for October 30, 1985. Adler obtained a temporary restraining order staying the foreclosure sale. Apparently there was some question about whether service of process was proper.

BancPlus commenced a second foreclosure action and served Adler again. After Adler's default in the second action, the court entered a judgment of foreclosure and sale. The amount of the debt reflected in the judgment was $53,588.87. On November 17, 1986, two days before the scheduled sale, Adler moved for an order vacating the judgment and dismissing the second foreclosure action. After a hearing on June 15, 1987, the court entered an order denying Adler's motion in its entirety. A new sale was scheduled for August 6, 1987.

One day before the foreclosure sale, Adler filed a chapter 13 bankruptcy petition in the Southern District of New York. This filing automatically stayed the foreclosure sale pursuant to § 362(a) of the Bankruptcy Code. Adler filed with the bankruptcy court a proposed chapter 13 plan, offering to pay BancPlus $17,625.70. BancPlus filed a proof of claim for $38,294.23. The claim was for less than the judgment of foreclosure. The foreclosure judgment was based upon acceleration. The proof of claim initially filed by Banc-Plus in the bankruptcy proceeding did not include acceleration. Chapter 13 contemplates the possibility of a plan in a case such as this that avoids acceleration.

In October 1987 the chapter 13 trustee moved to dismiss the case for failure of Adler to make payments to the trustee as required by § 1326 of the Bankruptcy Code and for Adler's failure to appear at an examination by the trustee pursuant to § 341. The trustee's motion was originally returnable November 18, 1987 but was adjourned to January 13 and then to March 16, 1988. On March 16 the trustee withdrew the motion after Adler made the required payments.

On February 12 BancPlus had moved to vacate the stay of the foreclosure sale because of Adler's failure to make post-filing mortgage payments. At a March 1 hearing, the bankruptcy court adjourned the motion until March 16 to permit Adler to produce evidence of post-filing payments. Adler failed to do so and the bankruptcy court directed counsel for BancPlus to settle an order for March 28 terminating the automatic stay in the event Adler failed to produce evidence of payment on or before that date. Instead of providing proof of payment, Adler produced in court four money orders sufficient to make current his post-filing mortgage payments. The court continued the stay of the foreclosure sale.

On March 10 BancPlus objected to the confirmation of Adler's chapter 13 plan because the plan did not cover the full amount of BancPlus's claim. A hearing on confirmation of Adler's chapter 13 plan had

been scheduled for January 13, but was adjourned several times because Adler requested, *inter alia*, additional time to retain counsel.

On June 20 while Adler was still *pro se*, he served an amended chapter 13 plan proposing to pay BancPlus $18,198.80 over a 5 year period and served an objection to BancPlus's claim. On June 22 Adler appeared with his present counsel, who requested additional time to prepare an objection to BancPlus's claim. Both matters were adjourned to August 17.

On August 17 the court allowed as Banc-Plus's claim the full amount of the foreclosure judgment, $53,588.87. Immediately thereafter, the court held a hearing to consider confirmation of Adler's amended chapter 13 plan. Because the amended plan did not provide for the payment in full of BancPlus's allowed claim, the court adjourned the confirmation hearing to September 7 and gave Adler until September 2 to submit a further amended plan.

On September 15 the court entered an order dated September 2 allowing the claim of BancPlus in accordance with the ruling of August 17. One week later, Adler filed a notice of appeal to the district court from the September 2 order. Adler took no action to perfect this appeal, and on January 25, 1989 Judge Duffy dismissed it for lack of prosecution.

On September 7, 1988 Adler had requested further time to prepare a plan. However, the court refused to sign an order to show cause in connection with this request. Moreover, the court granted provisionally BancPlus's motion to dismiss the chapter 13 case and directed BancPlus to settle an order of dismissal on September 28 should plaintiff fail to file a feasible plan on or before that date.

On September 28 Adler attempted to forestall entry of the dismissal order by seeking a temporary restraining order from the district court. The proposed order was presented to Judge Edelstein, who refused to sign it.

On September 29, 1988 the bankruptcy court dismissed Adler's chapter 13 case pursuant to § 109(g)(1) of the Bankruptcy Code. On October 11 Adler filed a notice of appeal. On October 26 the bankruptcy court granted Adler a stay of the foreclosure proceedings pending the determination of this appeal, conditioned on Adler's posting a $4,000 supersedeas bond, which was done.

Bankruptcy Rule 8006 requires that within 10 days after filing the notice of appeal the appellant is to file with the bankruptcy court clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues. Within 7 days after service of the statement, the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, known as the counter-designation.

On October 26 Adler filed a designation of the record on appeal and statement of issues with the clerk of the bankruptcy court. Adler's designation included items from the docket sheet but no transcripts of the bankruptcy hearings. In its counter-designation, BancPlus listed among other things transcripts of certain hearings.

Although Adler's designation of the record on appeal was filed a few days late, this is not the problem raised by Banc-Plus's motion to dismiss the appeal for lack of prosecution. This problem is Adler's failure to file a brief.

Bankruptcy Rule 8009(a) requires the appellant's brief to be filed and served within 15 days after the entry of the appeal on the docket of the district court. Rule 8007(b) provides for the entry of the appeal as follows:

"When the record is complete for purposes of appeal, the clerk shall transmit it forthwith to the clerk of the district court.... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed."

On December 29 the clerk of the district court entered the appeal on that court's docket and sent notice of entry to the inter-

ested parties. It appears, however, that the complete record on appeal had not yet been transmitted by the bankruptcy court clerk. The bankruptcy court's certificate of December 27 stated that the record on appeal was being transmitted to the district court "except for the following missing documents," and the certificate then listed certain items from BancPlus's counter-designation, including the hearing transcripts designated by BancPlus. Despite this problem, Adler has never contended that the appeal was not properly docketed in the district court on December 29.

At a status conference before this court on March 31, 1989 Adler stated, among other things, that he was having trouble obtaining transcripts of certain bankruptcy hearings listed in BancPlus's counter-designation. However, it appears clear from Adler's memorandum presented on the present motion that all available transcripts were obtained by early May 1989. According to Adler's attorney, one hearing was not competently reported and no transcript could be made.

Assuming that Adler's time for filing his brief ran from the docketing of the appeal on December 29, 1988, the brief was due no later than January 13, 1989. Adler has never filed a brief.

On May 30 BancPlus moved to dismiss Adler's appeal for failure to prosecute.

It is difficult to discern in Adler's papers any coherent basis for opposing BancPlus's motion to dismiss. There is a discussion of the delay in obtaining the transcripts. However, there is no statement as to why these transcripts (designated not by Adler but by BancPlus) were necessary for the preparation of Adler's brief. Moreover, there is no statement of any substance as to why, following the completion of the transcripts, Adler has not proceeded to file his brief.

## DISCUSSION

The text of Bankruptcy Rule 8009, specifying the time for the appellant's brief, is as follows:

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Rule 8001(a) states:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

There is no local rule enlarging the 15 days provided in Rule 8009. The district court has made no order extending the time in this case.

■ The time requirement in Rule 8009 is not jurisdictional. However, failure to file a timely brief may result in dismissal of the appeal depending on the circumstances. *Tampa Chain Co., Inc. v. Reichard*, 835 F.2d 54, 55 (2d Cir.1987).

■ The present case is clearly one in which the remedy of dismissal is appropriate. Looking at the record as a whole, it is clear that Adler's failure to file his brief on appeal is only the latest in a long series of dilatory tactics in both the state and federal courts. It is apparent that the reason why Adler has filed no brief is that he has no position of merit to present. Adler is seeking only one thing—delay. *See First Nat'l. Bank of Md. v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y.1987).

For the foregoing reasons, the court grants BancPlus's motion to dismiss with prejudice Adler's appeal from the bankruptcy court order signed on September 29, 1988 dismissing Adler's chapter 13 case. Pursuant to Bankruptcy Rule 8014, which provides that "costs shall be taxed against the losing party on an appeal," the court orders Adler to pay BancPlus's costs incurred in this appeal.

SO ORDERED.