104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re James J. MICHALEK, Debtor.
CHAPTER 7 TRUSTEE, Plaintiff-Appellee,
v.
James J. MICHALEK, Defendant-Appellant.
John H. Ring, III, Trustee.
 No. 95-5070.
 United States Court of Appeals, Second Circuit.
 Dec. 5, 1996.
 
 Appeal from the United States District Court for the Western District of New York (John T. Elfvin, Judge).
 APPEARING FOR APPELLANT:James Michalek, Montgomery, PA.
 APPEARING FOR APPELLEE:Charles W. Getman, Cohen Swados Wright Hanifin Bradford & Brett, Buffalo, N.Y.
 W.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge, and OAKES and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 James J. Michalek appeals pro se from the August 22, 1995, judgment of the District Court dismissing his appeal from the March 8, 1993, judgment of the Bankruptcy Court on the ground that Michalek has failed to prosecute his appeal in the District Court. Appellant, a disbarred attorney currently serving a federal prison sentence, contends that the delays during the proceedings were justifiable and that the District Court abused its discretion in ordering dismissal.
 
 
 4
 Michalek filed a timely notice of appeal in the District Court from the Bankruptcy Court's summary judgment in favor of the Chapter 7 trustee, barring a discharge on the ground that the debtor had secreted, converted, or refused to turn over estate assets. Michalek filed with the clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal. See Fed. Bank. R. 8006. On July 21, 1993, the Bankruptcy Court transmitted the record on appeal to the District Court. On July 23, 1993, the District Court sent its docketing notice of Michalek's appeal to all parties, in accordance with Rule 8007. Under Rule 8009(a), Michalek was required to "serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007," i.e., by August 9, 1993.
 
 
 5
 Michalek failed to submit a brief, motion, or anything else to the District Court by that date. Indeed, by June 1994, the District Court still had not received any submission from Michalek. On June 13, 1994, more than ten months after the original deadline, Judge Elfvin ordered Michalek to show cause why his appeal should not be dismissed for failure to prosecute.
 
 
 6
 On July 8, 1994, Michalek submitted a two-page affidavit and some attached "exhibits" in response. The affidavit is a nearly inscrutable listing of excuses for his failure to prosecute the appeal in the District Court. The exhibits consist of appellant's statement of issues to be presented on appeal, origin-ally due ten days after the filing of the notice of appeal, see Fed. Bank. R. 8006, and a skeletal "outline" of his appellate brief, devoid of content. Michalek offered three primary arguments in his submission: (i) he had repeatedly requested permission to proceed in forma pauperis ("IFP"), but the Court had failed to accede to his requests; (ii) he will continue with the appeal "upon the receipt or filing by the clerk of the documents as requested by the Debtor"; and (iii) the attached exhibits suffice to illustrate his position on appeal and to show its merit. Michalek's affidavit closed with a request to the Court "to either accept the submission herein or give the debtor 60 days to file the brief...." Michalek submitted no further documents to the District Court.
 
 
 7
 On August 17, 1995--more than two years after the original brief-filing deadline and more than one year after the Court's order to show cause--the District Judge ruled that Michalek's response to the show cause order was inadequate and dismissed his appeal for failure to prosecute.
 
 
 8
 The time limitation imposed by Rule 8009 is "not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir.1987). Nonetheless, "failure to file a timely brief may result in dismissal of the appeal," Adler v. Bancplus Mortgage Corp., 108 B.R. 435, 438 (S.D.N.Y.1989), and a district court's "decision to dismiss will be affirmed unless it has abused its discretion." Tampa Chain, 835 F.2d at 55; see Fed. Bank. R. 8001(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the action."). Reversal is "warranted only if the district court's decision 'strike[s] us as fundamentally wrong,' or if 'it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration.' " In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir.1995) (quoting Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990)). We believe that the District Court correctly found "bad faith, negligence, and indifference" on Michalek's part and did not abuse its discretion in rejecting Michalek's "excuses" and dismissing his appeal. Tampa Chain., 835 F.2d at 55-56.
 
 
 9
 First, in response to Michalek's allegation that his lack of financial resources and inability to obtain IFP status despite repeated requests prevented the prosecution of the appeal, Judge Elfvin noted that there is no indication that Michalek ever applied for IFP status with either the Bankruptcy Court or the District Court. Cf. In re Fitzsimmons, 920 F.2d 1468, 1471-72 (9th Cir.1990) (misrepresentation of facts to district court constitutes bad faith conduct sufficient to warrant dismissal). Second, Judge Elfvin rejected Michalek's excuse that he would continue with the appeal once the record on appeal was filed with the court clerk because this supposedly unfulfilled act was already completed approximately one year before Michalek submitted his affidavit. The docket sheets show that the Bankruptcy Court transmitted the record on appeal to the District Court on July 21, 1993, that the District Court received the record on the same date, and that the District Court sent a docketing notice to all parties on July 23, 1993. Michalek has never denied receiving this notice. Finally, upon independent review of the exhibits attached to Michalek's affidavit, we agree with Judge Elfvin that they were insufficient even to identify Michalek's arguments on appeal, much less to show that they were meritorious.
 
 
 10
 Other excuses offered in the affidavit were equally unavailing and properly rejected. First, Michalek's pro se status cannot justify the two-year delay, see Edwards v. INS, 59 F.3d 5, 8 (2d Cir.1995) ("[p]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."), especially since Michalek practiced law for over twenty years prior to his disbarment and has represented himself in this bankruptcy since its inception. See Lockhart v. Sullivan, 925 F.2d 214, 216 n. 1 (7th Cir.1991) (pro se attorney "not entitled to special treatment"); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.1994). Moreover, the fact that Michalek was incarcerated and occasionally transferred from one facility to another during this period cannot justify his failure to submit any documents to the District Court. See Snavley v. Redman, 107 F.R.D. 346, 348 (E.D.Mich.1985). As a former attorney, Michalek surely knew that he could have requested a continuance or extension from the Court if circumstances prohibited him from completing a brief. See In re Benhil Shirt Shops, Inc., 82 B.R. 7, 9 (S.D.N.Y.1987); First National Bank of Maryland v. Markoff, 70 B.R. 264, 266 (S.D.N.Y.1987). The District Court's docket sheet shows, however, that the July 1994 affidavit was Michalek's sole submission to that Court between July 1993 and August 1995. The District Court properly found that Michalek failed to show cause for his failure to prosecute the appeal.
 
 
 11
 Furthermore, the lack of any activity on Michalek's part since July 1994 also justifies the dismissal. In the July 1994 affidavit, Michalek requested the District Court "to either accept the submission herein or give the debtor 60 days to file the brief...." Receiving no response, Michalek inexcusably did nothing in the next twelve months before the District Court dismissed his appeal. Because Michalek "has exhibited a pattern of dilatoriness" throughout these proceedings and has offered no acceptable excuse for his delays, Markoff, 70 B.R. at 265, the District Court did not abuse its discretion in ordering dismissal.