UNITED STATES of America, Appellee,

v.

Anthony RAIMONDI, Appellant.

No. 1197, Docket 84–2303.

United States Court of Appeals,
Second Circuit.

Submitted April 23, 1985.
Decided April 26, 1985.

Before KAUFMAN, Circuit Judge.

IRVING R. KAUFMAN, Circuit Judge:

This motion, which is procedural in nature, is being entertained as a "one judge" application pursuant to Fed.R.App.P. 27(c) and 2d Cir.R. 27(f). I write to express my extreme consternation at what appears to be a growing trend among some attorneys practicing before this Court.

An assistant to Raymond J. Dearie, United States Attorney for the Eastern District of New York, has moved for an extension of time to May 6 to file the government's brief (as appellee) in an appeal scheduled for oral argument on May 17, 1985. As will be seen, his belated application also required him to move for leave to file the motion out of time. The facts of the case, and the issues on appeal are irrelevant to the instant motion. What is germane is the temporal order of events that culminated in the government's request.

On March 4, 1985, the office of the Clerk of the Court sent each party a copy of a scheduling order requiring the appellant to file its brief no later than April 1, 1985, and the government to file its brief no later than April 22. The appellant's brief was received by the clerk's office on March 29, at which time it was filed and distributed to the members of the panel scheduled to hear the appeal. April 22 came and went without word from the government. It was not until the following day—April 23—that the motion now being considered was delivered to and filed by the Clerk.

In an affidavit in support of the motion, the Assistant U.S. Attorney set forth the reasons for which he was required to move for an extension. He avers that he was out of the country on business between March 16 and 25; he spent four days in early April preparing for and trying a case; he prepared for another trial scheduled for April 15 only to have the defendants plead guilty on the day of trial. He then explained his failure to file a timely motion as follows: "Since the government is usually permitted four weeks in which to submit their [sic] brief, I mistakenly believed that the government's brief was due on April 29, 1985."

This Court has been inundated in the recent past by motions such as the one under consideration. I understand the exigencies of a busy litigation practice. I am also aware of the often crushing caseload borne by Assistant U.S. Attorneys. Indeed, I recall my own tenure as an Assistant as a string of sleepless nights and workfilled weekends. What some members of the bar of this Court seem to be forgetting, however, is that scheduling orders are just that—*orders*. If a case must occasionally be reassigned to another attorney in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility.

The prompt and orderly administration of justice has long been a subject of the most

pressing concern for this Court. We have succeeded in establishing and maintaining systems to assist in our constant struggle against ever more crowded dockets. These innovations, and our commitment to judicial administration, inure to the benefit of all those who practice before this Court, and the legal profession has been consistently laudatory of our efforts.

It is absolutely essential, however, that the bar recognizes its role in the system. When lawyers begin to perceive scheduling orders as precatory, we all suffer the consequences. And that, I sense, is what is beginning to happen. The rising tide of motions for extending time cannot be attributed to mere coincidence. Cynical practitioners, aware of our desire to hear from both sides to every dispute by means of a thorough brief, may have come to expect such motions to be granted as a matter of course. They would be ill-advised to assume that such is the case. We are capable of recognizing those truly emergent situations that warrant relaxation of hard and fast deadlines. And in extraordinary situations, exceptions can be made and extensions granted. The lawyer who assumes this Court will relieve him of an onerous but manageable deadline, however, does so at his own peril.[1]

Returning to the instant motion, it is clear that the movant is a busy, if not an overworked, Assistant. He, like his colleagues, are called upon to handle a number of matters at one time, and to meet deadlines in all of them. I note that, in his affidavit, he accounts for only thirty of the forty-eight days between the time notice was given and the brief was due. Since he states that "there are no complex issues presented in this appeal," I am hard-pressed to understand why the balance of

eighteen days was insufficient to prepare the government's brief. Similarly, I find his request for an additional fourteen days somewhat remarkable.

■ As regards the excuse for filing the motion out of time, I can only say that this Court's scheduling orders are exceedingly clear, and counsel's reliance on what is "usually" permitted was unreasonable. An attorney—whether for a private party or the government—owes his client the utmost degree of diligence and industry.

■ The movant, and all those who practice before this Court, should consider themselves on notice that motions to extend time to file briefs will be carefully scrutinized, and denied unless good cause is shown. Moreover, good cause shall not be deemed to exist unless the movant avers something more than the normal (or even the reasonably anticipated but abnormal) vicissitudes inherent in the practice of law. When such a motion is not made in a timely fashion, it will be scrutinized all the more carefully, as will the reasons for its untimely filing. If an untimely motion is denied, no brief will be accepted for filing by the Clerk. If warranted in a particular case, oral argument will not be allowed, as provided by Fed.R.App.P. 31(c).

■ Finally, it is to be noted that the consent of opposing counsel does not play a decisive role in our treatment of motions such as the one under consideration. While it is true that briefing schedules are set so as to allow opposing parties a reasonable time to respond to one another, they also reflect the time needed by the judges of a panel to consider each appeal in an unhurried and careful manner. Justice Frankfurter wrote that judicial decisions

---

1. The perils are not inconsiderable. Fed.R. App.P. 31(c) provides that if an appellant fails to file its brief in a timely fashion, the appellee may move for dismissal of the appeal. If the appellee fails to adhere to its deadline, he will not be heard at oral argument except by permission of the court.

The local rules of this Court also provide: In the event of failure by a party to file the record, a brief, or the appendix within the time limited by the Federal Rules of Appellate Procedure, or a rule or order of this court, the court, on motion of a party or on its own motion, may impose other sanctions, including amounts to reimburse an opposing party for the expense of making motions, upon the defaulting party or his attorney.
2d Cir.R. 38.

"presuppose ample time and freshness of mind for the private study and reflection" indispensable to the administration of justice. *Dick v. New York Life Ins. Co.*, 359 U.S. 437, 459, 79 S.Ct. 921, 933–34, 3 L.Ed.2d 935 (1959) (Frankfurter, J., *dissenting*). We will not allow two lawyers to shorten this all-important time by fiat.

It is possible that, in the past, we have not sufficiently articulated our concerns regarding extensions of time. Accordingly, I am inclined to be somewhat lenient in disposing of the instant motion, while at the same time placing the bar on notice that such leniency ought not be expected in the future. The government's motion will be granted insofar as it seeks leave for its untimely filing. The motion to extend time to file a brief is granted in part. The office of the U.S. Attorney shall cause its brief to be filed with the office of the Clerk of the Court no later than 5:00 p.m. on Monday, April 29, 1985. Papers not physically delivered to the Clerk's office by that hour shall not be received for filing.

SO ORDERED.