**Kwaku O. KUSHINDANA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–379.**

United States Court of Veterans Appeals.

July 26, 1991.

As Amended Feb. 11, 1992.

### ORDER

There are two motions before the Court. The first is appellant's motion for panel review of this Court's June 25, 1991, order denying appellant's motion for summary judgment. In response to a May 9, 1991, order to show cause why a timely response to this Court's order to file the designation of record had not been filed, the Secretary cited illness of counsel and administrative oversight: the designation was prepared but never filed; instead, it languished for six months in the case file. Appellant sought a sanction in the form of "summary judgment" on the ground that the Secretary had been delinquent in defending this appeal, had failed to comply with orders of

this Court and had failed to adhere to the Rules of this Court. Appellant specifically, and understandably, asked: "Was there an epidemic that struck the Office of the General Counsel that lasted for a full six months? Was the entire staff of over 300 incapaciated [sic]?" Motion for Summary Judgment and Opposition to Appellee's Response, at 3.

▆ Because the missing designation of record was filed and the case appeared on track, appellant's motion for summary judgment was denied by order of June 25, 1991. On July 8, 1991, appellant filed a motion for panel review of the denial of summary judgment pursuant to Rule 35(b) of the Court's Rules of Practice and Procedure. Rule 35(b) implements 38 U.S.C. § 7267(d)(1) (formerly § 4067(d)(1)) which permits panel review of single-judge decisions which go to the merits of a claim. Interlocutory decisions on motions addressed to procedural events occurring or not occurring during the course of a case are not the type of decision contemplated either by the rule or the statute. *Cf. Van Cauwenberghe v. Biard,* 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Accordingly, appellant's motion will be denied as premature; this denial, however, is without prejudice to the filing of a motion under Rule 35(b) once a decision on the merits has been rendered.

▆ The second pending motion was filed on July 11, 1991, when the Secretary moved this Court for an order extending the time to file the record on appeal until August 24, 1991. In its order of June 25, 1991, the Court had directed that the Secretary transmit the record on appeal not later than 30 days from the date of the order. The basis for the motion for extension, which was timely filed, was counsel's continued illness and heavy workload. The Secretary's motion also noted that appellant's consent to the extension was not sought "[d]ue to the fact that Appellant is not represented by counsel." Motion for an Extension of Time to File Record on Appeal, at 2.

"On July 19, 1991, appellant filed an opposition to the extension, noting that the continued delay adds to his own "financial and emotional hardships." After noting his "true sympathy" for the VA attorney and for the Secretary, appellant continued:

> [Y]et it is prudent—thought [sic] not palatable—to ask what if this case is delayed longer, or at other junctions because of illness? Will appellant have to suffer further because factors beyond his control?

Opposition to an Extension of Time to File Record on Appeal, at 2."

Given the history of this case, appellant has raised legitimate and serious questions which are not answered by anything filed to date by or on behalf of the Secretary. Like appellant, the Court is sympathetic to the medical problems of counsel. However, and again like appellant, the Court is concerned that the resolution of this appeal will continue to be delayed. While the management of cases and counsel are solely within the province of the Secretary and the General Counsel, the record reflects that this case appears to have been assigned to another attorney once before; it may well have to be reassigned again.

Appellant also takes serious issue with the implications of the statement on behalf of the Secretary that appellant was not extended professional courtesy because he is representing himself.

> Rule 45(h), U.S.Vet.App. *AND* The United States Constitution gives [sic] an individual the right to self-representation. This *fundamental* and *inalienable* right has been abridged by Appellee [sic] failing to contact Appellant to gain consent in this extension of time. Veteran Appellant can only imagine that over-priced Barristers—many of whom know nothing about the United States Court of Veterans Appeals—is the prerequisite for basic human courtesy.

Opposition to an Extension of Time to File Record on Appeal, at 1 (emphasis in original).

Again, appellant strikes a sympathetic chord with his argument that veterans who represent themselves are entitled to the benefit of notice and professional courtesy

from counsel for the Secretary. This judge fails to see any justification in law or in fact for representatives of the Secretary of **Veterans** Affairs consciously refusing to contact a **veteran,** extending the courtesy of notifying the **veteran** that an extension is being sought, and asking the **veteran** for consent. (Emphasis supplied). Indeed, such contact would appear to be necessary in order to comply with the requirement of Rule 27(a) of the Court's Rules of Practice and Procedure that a moving party "must indicate if the motion is unopposed." A witness or a confirming letter should be adequate to allay any concern the Secretary might have that unrepresented veterans might misconstrue or misunderstand the substance of conversations with opposing counsel.

Upon consideration of the foregoing, it is

ORDERED that appellant's motion for panel review of the June 25, 1991, denial of summary judgment is denied; it is further

ORDERED that appellee's motion for an extension of time until August 24, 1991, to file the record on appeal is denied; and it is further

ORDERED that the Secretary will file the record on appeal on or before August 5, 1991.