Dossie MELVIN, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–752.

United States Court of Veterans Appeals.

Oct. 4, 1991.

## ORDER

FARLEY, Associate Judge.

In a motion filed on June 3, 1991, the Secretary of Veterans Affairs (Secretary) requested an extension of time until July 3, 1991, to file a brief in response to appellant's brief. Although the Secretary's motion was granted, the brief was not filed on July 3, 1991. Instead, the Secretary sought no less than three additional extensions of time, each of which was granted by the Court. On August 19, 1991, the date chosen by the Secretary and ordered by the Court for the filing of the reply brief, nothing was filed. Indeed, it was not until September 20, 1991—32 days out of time and 109 days past the original due date—that the Secretary filed a motion for leave to file a response to appellant's brief out of time. In the motion, the Secretary indicates that he has been unable to contact *pro se* appellant with regard to the extensions and delay.

The Secretary offers a garden variety of excuses in each of the five motions for additional time, including "the increasingly burdensome caseload" and "computer problems," the relocation of the office, and finally, administrative oversight and "miscalendar[ing]" and other "unforeseen occurrences," all of which appellee claim made it impossible to meet the filing deadlines. While the Court is not unsympathetic to the exigencies and occasional oversights in the heavily taxed VA office, the Court does not consider such to be sufficient excuse to justify the arrogant and total disregard of an order entered by the Court at the request of the Secretary. When the Secretary and his representatives take it upon themselves to ignore an order of this Court, not only do they show disrespect to the Court itself, but they engage in the unwarranted prolongation of the adjudication of a veteran's claim. The Court cannot condone such conduct.

On consideration of the foregoing; it is

ORDERED that appellee's motion for leave to file out of time is denied. The Clerk is directed to return all copies of the Secretary's response brief.