**John PERGOLA, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1307.**

United States Court of Veterans Appeals.

Nov. 20, 1991.

Before STEINBERG, Associate Judge.

### ORDER

The designation of the record on appeal in this case was originally due on April 17, 1991. On that date, and again on May 14, 1991, the Secretary of Veterans Affairs (Secretary) filed motions for successive extensions of time in which to file the designation. The Court stamp-granted both motions, and the designation was filed on July 1, 1991. On September 5, 1991. the Secretary filed a motion to file the record on appeal out of time, and lodged said record with the Court. On September 9, 1991, the Court stamp-granted the motion and stamped the record on appeal as "filed". Thereafter, on September 23, 1991, appellant served an informal brief upon the Secretary by mail. On October 28, 1991, the Secretary filed a motion for an extension of time until November 27, 1991, to file a brief, asserting as grounds for the extension a heavy caseload.

The institutional conduct of the Secretary in this case displays an indifference to the rules and processes of this Court, as well as a disregard for fair treatment of appellant and neglect by the Secretary's representatives of their professional obligations and responsibilities. *See Brimmer v. Derwinski*, 2 Vet.App. 266 (1991). "If a case must occasionally be reassigned in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility." *United States v. Raimondi*, 760 F.2d 460, 461 (2d Cir.1985). On consideration of the foregoing, it is

ORDERED that the Secretary's motion for an extension of time until November 27, 1991, to file a brief is granted. Any further requests by the Secretary for extensions of time in this case will be viewed with disfavor and will not be granted absent a showing of extraordinary circumstances. The Court does not deem a heavy caseload to be such a circumstance.