Magdalena A. **MIRANDA,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 90–501.

United States Court of Veterans Appeals.

April 10, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On November 27, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for an extension of time until December 27, 1991, to file a response to appellant's brief. The motion was granted, but the Secretary failed to file a response to appellant's brief on or before December 27, 1991. On January 17, 1992, the Secretary filed a motion for leave to file, out of time, a motion for an extension of time until February 17, 1992, in which to respond to appellant's brief. He simultaneously filed the motion for extension of time in which to respond to appellant's brief. On January 28, 1992, this Court ordered the Secretary to show cause why sanctions should not be imposed against the Secretary or his representative for failing to comply with the Court's Rules of Practice and Procedure. On February 3, 1992, the Secretary filed a response to the show-cause order. The Secretary stated that filing deadline in this case was "unfortunately overlooked" due to the Secretary's representative's need to attend to his pregnant wife and his child, who were incapacitated due to serious medical conditions. He asserts that "neither the Secretary nor his representatives or agents either intentionally or willfully sought to ignore the Court's Rules."

The Court is sympathetic with the situation of the Secretary's representative. However, the Court also notes that fairness to appellant and respect for the Court's rules and processes require greater diligence by the Secretary's representatives and their supervising attorneys. "If a case must occasionally be reassigned to another attorney in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility." *United States v. Raimondi*, 760 F.2d 460, 461 (2d Cir.1985). The Secretary's staffing procedures should, at a minimum, be sufficient to enable his representatives to file a timely request for an extension of time in cases such as this, where a particular attorney is unable, for personal reasons, to meet a deadline.

On consideration of the foregoing, it is

ORDERED that no sanctions will be imposed against the Secretary or his representative in the present case as a result solely of actions to date.