Levelle W. DUPELL, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–1094.

United States Court of Veterans Appeals.

May 11, 1992.

Before STEINBERG, Associate Judge.

## ORDER

Appellant's brief was filed on October 3, 1991. The Secretary of Veterans Affairs (Secretary) subsequently submitted four motions, three of which were filed out of time, for extensions of time to file a response to appellant's brief. On February 12, 1992, the Court granted the fourth of those motions, and stated: "The Court ... will grant *the Secretary* no further extensions of time to file a response to appellant's brief absent extraordinary circumstances[;] ... The Court does not deem a heavy caseload ... to be such [a] circumstance[ ]". (Emphasis in original.) On February 14, 1992, the Secretary filed a motion for remand and for a stay of fur-

ther proceedings. The Court noted in its February 12, 1992, order that there have been numerous motions for extensions and late filings in this appeal and that "... the responsibility of the Secretary's General Counsel to the Court includes the obligation to reassign or provide additional assistance as to matters which, for whatever reason, cannot be timely handled by a particular counsel."

On March 25, 1992, the Court, stating that the Secretary's motion for remand was not responsive to all of appellant's arguments in his brief, ordered the Secretary to file a brief by April 24, 1992. On that day, rather than filing a brief, the Secretary filed a motion for an extension of time, until May 1, 1992, to file a response to appellant's brief. The grounds asserted for the extension were "the increasingly burdensome caseload". On May 1, 1992, rather than filing a brief, the Secretary submitted another motion for an extension of time, until May 5, 1992, to file his brief. Again, the grounds asserted for the extension were "the increasingly burdensome caseload". On May 5, 1992, the Secretary lodged his brief.

The Court has shown its willingness to extend deadlines when the circumstances so warrant. However, the institutional conduct of the Secretary in this case, as in all too many recent cases in this Court, displays an indifference to the rules and processes of this Court, as well as a disregard for fair treatment of appellant and neglect by the Secretary's representatives of their professional obligations and responsibilities. *See Pergola v. Derwinski*, 2 Vet.App. 180 (U.S.Vet.App.1991). "If a case must occasionally be reassigned to another attorney in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility." *United States v. Raimondi*, 760 F.2d 460, 461 (2d Cir.1985); *see also Kushindana v. Derwinski*, 2 Vet. App. 73, 74 (1991) ("[w]hile the management of cases and counsel are solely within the province of the Secretary and the Gen-

**386**

eral Counsel, ... this case ... may have to be reassigned"). The Secretary has not heeded the Court's admonition of February 12, 1992, relating to the reassignment or additional assistance, instead moving for extensions of time on the very grounds that the Court had stated would be insufficient. On consideration of the foregoing, it is

ORDERED that the Secretary's motions, submitted on April 24 and May 1, 1992, for extensions of time to file a response to appellant's brief are denied. The case will be submitted for consideration on the merits without the Secretary's brief or other response to appellant's brief. The Clerk is directed to return the Secretary's brief.