**Charles T. LARUE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1182.**

United States Court of Veterans Appeals.

May 12; 1992.

Before STEINBERG, Associate Judge.

### ORDER

Appellant's Notice of Appeal in this case was filed on October 12, 1990. On November 7, 1991, counsel for the Secretary of Veterans Affairs (Secretary) filed a motion for leave to file, out of time, a motion for an extension of time until December 7, 1991 to respond to appellant's brief, and lodged the motion for an extension. On November 14, 1991, both motions were granted. The Secretary neither filed his response to appellant's brief on or before December 7, 1991, nor moved for an another extension of time to file his response. On January 28, 1992, the Court ordered the Secretary, not later than February 7, 1992, to file a response to appellant's brief and show cause why sanctions should not be imposed against him or his representative for failing to comply with the Court's Rules. On February 7, 1992, the Secretary filed a response to the show-cause order. The Secretary stated that the filing deadline in this case was "unfortunately overlooked" due to the Secretary's representative's need to attend to his pregnant wife and his child, who were incapacitated due to serious medical conditions. He asserted that "neither the Secretary nor his representatives or agents either intentionally or willfully sought to ignore the Court's Rules."

The Court is sympathetic with the situation of the Secretary's representative. However, the Court also notes that fairness to appellant and respect for the Court's rules and processes require greater

diligence by the Secretary's representatives and their supervising attorneys. "If a case must occasionally be reassigned to another attorney in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility." *United States v. Raimondi*, 760 F.2d 460, 461 (2d Cir.1985); *see also Kushindana v. Derwinski*, 2 Vet.App. 73, 74 (1991) ("[w]hile the management of cases and counsel are solely within the province of the Secretary and the General Counsel, ... this case ... may well have to be reassigned"). The Secretary's staffing procedures should, at a minimum, be sufficient to enable his representatives to file a timely request for an extension of time in cases such as this, where a particular attorney is unable, for personal reasons, to meet a deadline. Although the Court accepts the Secretary's assurances that his representatives have not intentionally or willfully ignored the Court's rules or orders, there is a point at which indifference and neglect may, by repetition, metamorphose into the equivalent of willful action. For the appellant involved, in any event, the delaying effect is the same.

The circumstances here are hardly unique; out-of-time filings by the Secretary are common. The procedural facts of this case are similar to those of *Miranda v. Derwinski*, 2 Vet.App. 453 (1992) (Notice of Appeal filed June 19, 1990), in which the Court expressed the same concerns about the actions of the Secretary's representatives. The Court has shown its willingness to extend time limits and to allow out-of-time filings on the Secretary's motion when the circumstances so warrant. However, "the Court's patience is not limitless; indeed ... the limit has been reached in this case." *Jones & Snyder v. Derwinski*, 1 Vet.App. 596, 608 (1991). There is no acceptable excuse for the Secretary's representative, or the representative's supervisory attorney, not requesting a timely extension.

On consideration of the foregoing, it is

ORDERED that no sanctions will be imposed against the Secretary or his representative in the present case as a result solely of actions to date.