Paciencio V. MAQUILING, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1512.

United States Court of Veterans Appeals.

Nov. 13, 1992.

Before STEINBERG, Associate Judge.

ORDER

On August 3, 1992, appellant filed an informal brief. The Secretary of Veterans Affairs (Secretary) or Acting Secretary of Veterans Affairs (Acting Secretary) has previously filed two motions for extensions

of time to file a response to appellant's brief, asserting a heavy caseload as grounds for the extensions. The Court stamp-granted the foregoing motions. On October 29, 1992, the Acting Secretary filed a third motion for an extension of time until November 6, 1992, to file a response to appellant's brief, asserting as grounds for the extension the same grounds as were asserted in the prior motions. The motion recites: "Counsel for the Secretary will ask for no further extensions."

The present motion is the tenth motion by the Secretary or Acting Secretary for an extension of time in this case. Additionally, the Secretary has previously submitted two motions for leave to file items out of time in this case. Although cognizant of the heavy caseloads and numerous filing deadlines which characterize the practice of the Department of Veterans Affairs General Counsel before this Court, the Court has repeatedly stated: "fairness to appellant[s] and respect for the Court's rules and processes require greater diligence by the Secretary's representatives *and their supervising attorneys*". *Larue v. Derwinski*, 2 Vet.App. 386, 387 (1992) (single-judge order) (emphasis added); *see also MacWhorter v. Derwinski*, 2 Vet.App. 133, 134 (1992); *Miranda v. Derwinski*, 2 Vet.App. 453, 454 (1992) (single-judge order); *Dupell v. Derwinski*, 2 Vet.App. 385 (1992) (single-judge order); *Pergola v. Derwinski*, 2 Vet.App. 180 (1992) (single-judge order); *Kushindana v. Derwinski*, 2 Vet.App. 73, 74 (1992) (single-judge order); *Drenkhahn v. Derwinski*, 2 Vet.App. 29, 30 (1991) (single-judge order); *Melvin v. Derwinski*, 1 Vet.App. 489 (1991) (single-judge order).

A heavy caseload does not justify the Secretary's pattern of repeated requests for extensions of time and of failures to comply with deadlines set by the Court's rules and orders. *See Melvin, supra.* "If a case must occasionally be reassigned to another attorney in order to meet a deadline, so be it. If the staffing pattern in a law office or government agency is insufficient to meet judicially imposed requirements, the office or agency must bear the ultimate responsibility." *Miranda, supra*

(quoting *United States v. Raimondi*, 760 F.2d 460, 461 (2d Cir.1985)); *see also Kushindana, supra.*

On consideration of the foregoing, it is

ORDERED that the Secretary's third motion for an extension of time until November 6, 1992, to file a response to appellant's brief is granted. The Court will grant the Secretary no further extensions of time to file a response to appellant's brief.