Albert J. EHRINGER, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 95–681.

United States Court of Veterans Appeals.

Feb. 24, 1997.

Before NEBEKER, Chief Judge, and
FARLEY and STEINBERG, Judges.

---

## ORDER

PER CURIAM.

On November 8, 1996, the appellant filed a brief. On February 6, 1997, the Secretary filed a second motion for an extension of time (this time until April 8, 1997) to file a response to the appellant's brief. The Secretary asserts a heavy caseload on the part of his counsel as the basis for the motion and notes that "[n]o further requests for an extension of time are anticipated." On February 11, 1997, the appellant, through counsel, filed an opposition to the Secretary's motion, asserting that the Secretary has failed to show good cause for the extension. The appellant states:

> Mr. Ehringer opposes the Secretary's request for an extension of time until April 8, 1997, for two reasons: (1) Counsel for the Secretary has stated that his basis for requesting an extension of time to respond to Mr. Ehringer's opening brief is because he presently has six briefs due in cases prior in time to Mr. Ehringer's case which have already been extended for 120 days. In other words, the Secretary does not seek an extension of time for any purpose having to do with Mr. Ehringer's appeal, nor for any personal reason of Counsel for the Secretary. Rather, the fact that Counsel for the Secretary has six briefs due that have already been extended 120 days shows that the request for an extension is necessary in Mr. Ehringer's case because PSG VII has inadequate staff to meet its obligations at the Court. Multiple extensions of time should be the exception and not the rule. The Secretary should ensure that he has sufficient resources available at PSG VII to enable his counsel to respond to an Appellant's opening brief in a timely manner (something less than five months) and (2) Since the Secretary had sufficient time in which to prepare and file a Motion to Dismiss in September 1996, while the parties were engaged in negotiations for a joint remand, he should be able to respond to Mr. Ehringer's brief in less than five months.

There is much in what the appellant has said here. The General Counsel of the Department of Veterans Affairs is charged by the law with the responsibility of representing the Secretary before the Court, 38 U.S.C. § 7263(a); see *MacWhorter v. Derwinski,* 2 Vet.App. 133, 135 (1992), *modified on other grounds,* 2 Vet.App. 655 (1992), *appeal dismissed as moot on other grounds,* 3 Vet.App. 223 (1992). Such representation must be carried out in a professional manner that satisfies the obligation of counsel for the Secretary "as an officer of this Court", *MacWhorter,* 2 Vet.App. at 657. Whatever other responsibilities may be assigned to the General Counsel by the Secretary, her responsibility with respect to representation in this Court is one mandated by law. A copy of this order will therefore be directed to the General Counsel personally. *See United States v. Raimondi,* 760 F.2d 460, 461 (2d Cir.1985) (government agency must bear ultimate responsibility (including occasionally

reassigning a case to another attorney) when staffing pattern in that agency is insufficient to meet judicially imposed requirements).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted in part. The Secretary will file a response to the appellant's brief not later than March 14, 1997. No further opposed extensions of time to file a brief will be granted, absent truly exceptional circumstances, which do not include a heavy caseload on the part of counsel for the Secretary in particular or general. *See Raimondi, supra.*