Citation Nr: 1542445 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 09-23 665 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to service connection for hypertension.

2. Entitlement to service connection for a low back disability.

3. Entitlement to service connection for a hernia.

4. Entitlement to service connection for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney


ATTORNEY FOR THE BOARD

M. Carsten, Counsel


INTRODUCTION

The Veteran served on active duty from March 1946 to February 1949. He died in May 2013. The appellant is his surviving spouse. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Philippines. 

In April 2011, the Board remanded the appeal so a Travel Board hearing could be scheduled. The Veteran canceled the hearing. 

In January 2012, the Board denied service connection for hypertension and a low back disability. The Board also reopened claims of service connection for a hernia and for deafness, but denied those claims on the merits. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court). In October 2012, the parties filed a Joint Motion to Vacate and Remand (Joint Motion) and asked the Court to vacate that part of the Board's decision that denied service connection for hypertension, a low back disability, a hernia and deafness. By Order dated in October 2012, the Court granted the Joint Motion and remanded the matter for action consistent with the motion. 

In August 2013, the Board dismissed the appeal due to the death of the Veteran. Thereafter, the appellant was recognized as the substitute-claimant in the appeal. See 38 U.S.C.A. § 5121A (West 2014). As such, she brings the current claims without the restrictions imposed by 38 U.S.C.A. § 5121 (West 2014). 

In December 2013, the RO denied service connection for the cause of the Veteran's death. The appellant disagreed and perfected an appeal of this issue. The Board notes that in June 2015, the appellant submitted a notice of disagreement with the December 2013 denial of entitlement to death pension. The notice of disagreement is not timely and the issue is not before the Board. See 38 C.F.R. § 20.302(a) (2015). 

In January 2015, the RO granted service connection for deafness. This issue is resolved and no longer for consideration.

The Veterans Benefits Management System (VBMS) and Virtual VA folders have been reviewed. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Pursuant to the Joint Motion, the parties agreed that the Board failed to provide an adequate statement of reasons or bases in support of its determination that VA satisfied its duty to assist when there is no indication that VA attempted to obtain VA medical records from the Veterans Memorial Medical Center in Quezon City, Philippines. Specifically, records from this facility showing treatment at various times between January 1976 and March 1977. On review, the Board finds that a remand is necessary to request these records. See 38 C.F.R. § 3.159(c)(2) (2015). 

In January 2014, the RO obtained a VA opinion addressing the claimed low back disability. The examiner stated that the condition was less likely than not incurred in or caused by the in-service injury, event, or illness. In support, the examiner stated that the findings in 2006 were at least as likely as not due to the Veteran's age. He also noted that there was no post-service job related predisposition to the development of degenerative disease of the spine. 

In October 2014, the attorney argued that the medical opinion was inadequate. First, because the copy they received did not contain the name of the examiner. Review of the actual opinion shows it was provided by a VA physician. Second, that the rationale did not accurately consider the Veteran's lay statements. Third, that just because degenerative disease is common as a person ages, does not mean that the Veteran developed the condition solely because of age. The attorney argued that the comment was general in nature and did not specifically address the Veteran's report of having had back problems during service and since service. On review, the Board agrees that this opinion is inadequate and an addendum opinion should be obtained as concerns this issue. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (Once VA undertakes to provide a VA examination, it must ensure that the examination is adequate).

The death certificate lists the immediate cause of the Veteran's death as hypertensive and arteriosclerotic cardiovascular disease. The appellant asserts that the Veteran developed hypertension due to the chronic pain associated with his hernia and back. Under these circumstances, the cause of death issue is inextricably intertwined with the underlying service connection issues and must be deferred pending the requested development. See Harris v. Derwinski, 2 Vet. App. 180, 183 (1991) (issues are "inextricably intertwined" when a decision on one issue would have a "significant impact" on a veteran's claim for the second issue).



Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Request any available records pertaining to the Veteran from the Veterans Memorial Medical Center in Quezon City, Philippines for the period from January 1976 through March 1977. The procedures set forth at 38 C.F.R. § 3.159(c) should be followed. 

2. Thereafter, return the January 2014 opinion addressing the Veteran's back condition for addendum. The claims folder and any relevant electronic records must be available for review. If the January 2014 examiner is not available, the requested opinion should be obtained from a similarly qualified VA examiner. 

The examiner is again requested to review the record and provide an opinion as to whether it is at least as likely as not that the Veteran's low back condition is related to active service or events therein. In making this determination, the examiner must consider the Veteran's lay statements. The examiner is advised that the Veteran was competent to report his back symptoms and their onset. See November 2006 report from Dr. A. H. If there is a medical basis to doubt the history as reported, the examiner should so state. A complete rationale must be provided for any opinion offered. 


3. Upon completion of the requested development and any additional development deemed appropriate, readjudicate the appeal issues. If the benefits sought on appeal remain denied, the appellant and her representative should be provided a supplemental statement of the case and be given an opportunity to respond. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).