http://www.va.gov/vetapp16/Files4/1634353.txt

Citation Nr: 1634353 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 10-31 890 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent for posttraumatic stress disorder (PTSD). 

2. Entitlement to a total disability evaluation based upon individual unemployability (TDIU). 

3. Entitlement to service connection for hepatitis C. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

S. Kim, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from March 1969 to March 1972. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from November 2009 and July 2011 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In the November 2009 rating decision, the RO granted service connection for PTSD and assigned a 50 percent rating, effective April 13, 2009. In the July 2011 rating decision, the RO denied service connection for hepatitis C. 

In February 2013, the Board remanded the claims for additional development. At that time, the Board inferred a claim for a TDIU based on the evidence of record pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009) and remanded the claim for a TDIU for further development. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. 

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

With regard to the Veteran's service connection claim for hepatitis C, the Veteran identified pertinent private treatment records in his October 2013 substantive appeal (via VA Form 9). Specifically, the Veteran wrote that he was "treated during July 1972 in Rochester, N.Y.," where he was "treated [and] diagnosed by a doctor who was a [b]lood [s]pecialist." As it does not appear that the AOJ has attempted to obtain such identified treatment records, and given the likely relevance of these records, the AOJ should undertake all efforts to obtain the treatment records, to include requesting that the Veteran submit a current authorization form for the identified provider. 

Additionally, with regard to the Veteran's claim for a TDIU, the Board notes that the Veteran has alleged that he was unable to work due to his service-connected condition, specifically, PTSD, currently evaluated as 50 percent disabling. The Veteran is currently ineligible for TDIU on a schedular basis. However, given that the issues for consideration on remand could result in eligibility for TDIU on a schedular basis, the Board finds that the claim for TDIU is inextricably intertwined with the claims being remanded herein, and that the claims should be considered together. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 2 Vet. App. 180, 183 (1991) (issues are "inextricably intertwined" when a decision on one issue would have a "significant impact" on a veteran's claim for the second issue).

As a final point, the Board finds that a remand is necessary in order to obtain outstanding Social Security Administration (SSA) records. In this regard, in correspondence received in January 2014, the Veteran wrote that he had filed for the SSA disability benefits for his service-connected disabilities. It does not appear that the AOJ had undertaken any efforts to obtain medical records relevant to the Veteran's SSA disability claim. As the SSA's decision and the records upon which the agency based its determination may be relevant to VA's adjudication of his pending claim, VA is obliged to attempt to obtain and consider those records. 38 U.S.C.A. § 5103A(c)(3) (West 2014); 38 C.F.R. § 3.159(c)(2) (2015). As such, a remand is necessary in order to obtain all medical records concerning the Veteran's claim for SSA benefits. See Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010); Murincsak v. Derwinski, 2 Vet. App. 363, 369-70 (1992) (where VA has actual notice of the existence of records held by the SSA which appear relevant to a pending claim, VA has a duty to assist by requesting those records from the SSA). 

After obtaining outstanding VA and/or private treatment records, if any, the AOJ should accomplish any other development deemed appropriate in order to adjudicate the claims on appeal. 

Accordingly, the case is REMANDED for the following action:

1. Contact the SSA and request the Veteran's complete SSA records, including any administrative decision(s) on his application for disability benefits and all underlying medical records which are in the SSA's possession. A copy of any request(s) sent to the SSA, and any reply, to include any records obtained from the SSA, must be included in the claims file. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records.

2. Provide the Veteran with an opportunity to identify any other outstanding private or VA treatment records relevant to his claims. After obtaining any necessary authorization from the Veteran, all outstanding records should be obtained. 

For private treatment records, make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession.

For federal records, all reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. After all of the above actions have been completed, accomplish any other development deemed appropriate in order to adjudicate the claims on appeal. 
 
4. Then, readjudicate the appeal. If any benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).