﻿Citation Nr: 19172653
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 14-14 918
DATE: September 19, 2019

REMANDED

Entitlement to service connection for a back disability is remanded.

Entitlement to service connection for radiculopathy, left lower extremity, to include as secondary to a back disability, is remanded.

REASONS FOR REMAND

The Veteran had active service in the United States Marine Corps from September 1967 to June 1972. 

These matters come before the Board of Veterans’ Appeals (Board) on appeal from an October 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran was scheduled for an in-person hearing before a member of the Board on June 4, 2019. However, in May 2019, the Veteran stated that he wished to withdraw his request for a hearing. Therefore, the hearing request is deemed withdrawn.

The Board notes that the Veteran perfected appeals of the issues of entitlement to service connection for bilateral hearing loss disability, tinnitus, and a brachial artery pseudoaneurysm. A review of the record shows that the Veteran was granted entitlement to service connection for bilateral hearing loss disability in an August 2018 rating decision, and was granted entitlement to service connection for tinnitus and a brachial artery pseudoaneurysm in a July 2019 rating decision. There is no indication from the record that the Veteran has disagreed with the effective dates or ratings assigned in those decisions. As such, those decisions represent a full grant of the benefits sought on appeal and the Board has limited its consideration accordingly.

The Board finds that additional development is required before the claims on appeal are decided. 

Service Connection – Back Disability

The Veteran has contended that his back disability is related to his active service. Specifically, he reported that he fell on his back after a forklift struck and injured his left leg. During surgery on his left leg, he stated that he underwent a spinal block to “kill” the nerve. He recalled that a long needle was inserted into his spine and caused his back pain. Additionally, he has asserted that he has radiculopathy of the left lower extremity secondary to his back disability.

Service treatment records confirm that the Veteran underwent surgery for a compound comminuted fracture of the left distal tibia and fibula following a forklift accident in September 1971. 

In July 2019, the Veteran was afforded a VA examination. The Veteran was diagnosed with degenerative arthritis of the lumbar spine, intervertebral disc syndrome, spondylolisthesis, and lumbar radiculopathy of the bilateral lower extremities. The examiner opined that the Veteran’s back disability was less likely than not incurred in or caused by the forklift accident and treatment for his left leg during service. In support of this opinion the examiner explained that there was no documented evidence of any in-service injury to the Veteran’s lumbar spine despite his injury sustained in the forklift accident.

The Board finds the July 2019 VA examination report inadequate for adjudication purposes. In this regard, the examiner did not address the Veteran’s lay statements regarding the mechanism of injury, including falling on his back during the forklift accident and the spinal block procedure. As such, remand for an addendum VA medical opinion is warranted to determine the nature and etiology of any currently present back disability.

Service Connection – Left Lower Extremity Radiculopathy

Regarding entitlement to service connection for left lower extremity radiculopathy, the Board notes that the issue is inextricably intertwined with the claim remanded herein. Harris v. Derwinski, 2 Vet. App. 180, 183 (1991). Hence, a determination should be deferred pending final resolution of the claim. 

The matters are REMANDED for the following action:

1. Identify and obtain any pertinent, outstanding VA and private treatment records and associate them with the claims file.

2. Then, return the claims file to a VA examiner with sufficient expertise for an addendum opinion to determine the nature and etiology of any currently present back disability. The claims file must be made available to and reviewed by the examiner. If a new VA examination is required, then one should be scheduled.

Based on the examination results and the review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that any currently present back disability is etiologically related to the Veteran’s active service. The examiner must comment on the mechanism of injury, including the Veteran’s report that he fell on his back during the forklift accident and he had resulting back pain after the spinal block procedure during service. 

The rationale for all opinions expressed must be provided.

3. Confirm that the VA examination report and all medical opinions provided comport with this remand and undertake any other development determined to be warranted.

4. Then, readjudicate the appeal. If the decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Ware, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.